UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

BARRY MCGOWAN,

                           Plaintiff,

          -against-

PHILLIPS EDISON & COMPANY LTD., PREP CO., LLC, PECO REAL ESTATE PARTNERS, LLC, and MICHAEL C. PHILLIPS, individually,

                           Defendants.

------------------------------------------------------------------- X

Docket No.
17-CV-8544 (SHS) (RWL)


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS
PREP CO., LLC, PECO REAL ESTATE PARTNERS, LLC, AND
MICHAEL C. PHILLIPS' MOTION TO COMPEL ARBITRATION
<u>AND TO STAY THE ACTION PENDING THE SAME</u>**

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
Attorneys for Defendants
PREP CO., LLC, PECO REAL ESTATE
PARTNERS, LLC, and MICHAEL C.
PHILLIPS
150 East 42nd Street
New York, NY 10017
(212) 490-3000
File No.: 17154.00007

OF COUNSEL:   RICKI E. ROER
                      NANCY V. WRIGHT
                      EMERY LYON

8691878v.8

# **TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ................................................................................................. i

**PRELIMINARY STATEMENT** ........................................................................................... 1

**STATEMENT OF FACTS** ................................................................................................... 2

**ARGUMENT** ........................................................................................................................ 3

       **POINT I** ...................................................................................................... 3

              **PLAINTIFFS' COMPLAINT IS PRECLUDED BY THE PARTIES' AGREEMENT TO ARBITRATE AND THE FEDERAL ARBITRATION ACT** ................................... 3

       **POINT II** ..................................................................................................... 7

              **THE INSTANT CASE SHOULD BE STAYED PENDING THE OUTCOME OF THE ARBITRATION** .............................................. 7

**CONCLUSION** ..................................................................................................................... 8

# **TABLE OF AUTHORITIES**

**Cases**

*AT&T Mobility LLC v. Conception*, 131 S. Ct. 1740, 1744
(2001)...................................................................................................................................4

*Benihana of Tokyo, LLC v. Benihana Inc.*, 73 F. Supp. 3d
238, 251 (S.D.N.Y. 2014)....................................................................................................5

*Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56 (2003) ................................................................4

*E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002)............................................................4

*Eatoni Ergonomics, Inc. v Research in Motion Corp.*, 633
F. Supp. 2d 109, 116 (S.D.N.Y. 2009).............................................................................4, 7

*Energy Transp., LTD. v. M.V. San Sebastian*, 348 F. Supp.
2d 186, 201-02 (S.D.N.Y. 2004)......................................................................................4, 6

*In re Currency Conversion Fee Antitrust Litig.*, 361 F.
Supp. 2d 237, 248 (S.D.N.Y. 2005)..................................................................................6, 8

*JSC Surgutneftegaz v. President & Fellows of Harvard
Coll.*, 2005 U.S. Dist. LEXIS 15991, at *7 (S.D.N.Y. 2005) .............................................4

*Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading,
Inc.*, 252 F.3d 218, 224 (2d Cir. 2001) ...............................................................................6

*Mansberger v. Ernst & Young LLP*, 2011 N.Y. Misc.
LEXIS 6892, 2011 NY Slip Op 33842(U), at *6, 8 (July 1,
2011) ....................................................................................................................................5

*MQDC, Inc. v. Steadfast Ins. Co.*, 2013 U.S. Dist. LEXIS
172836, at *8 (E.D.N.Y. 2013)............................................................................................5

*Nissan v. Tejas Securities Group, Inc.*, 2012 N.Y. Misc.
LEXIS 6519, 2012 NY Slip Op 33544(U), at *6, 8-9 (Sup.
Ct. N.Y. Cty. Nov. 13, 2012)...............................................................................................5

*Stevenson v. Tyco Intl. (US) Inc.*, 2006 U.S. Dist. LEXIS
71852, at *15 (S.D.N.Y. 2006) .......................................................................................3, 6

*Tand v. Solomon Schechter Day School of Nassau Cty.*, 324
F. Supp. 2d 379, 385 (E.D.N.Y. 2004) ...............................................................................5

*Thomas James Assoc., Inc. v. Jameson*, 102 F.3d 60, 65 (2d
Cir. 1996) .............................................................................................................................4

*Winter Invs., LLC v. Panzer*, 2015 U.S. Dist. LEXIS
113901, at *16 (S.D.N.Y. 2015) ...................................................................................................6

**Statutes**

Federal Arbitration Act, 9 U.S.C. § 2 ............................................................................................ 4

## PRELIMINARY STATEMENT

This memorandum of law is submitted in support of defendants' PREP CO., LLC, PECO REAL ESTATE PARTNERS, LLC ("PREP") and MICHAEL C. PHILLIPS' motion to compel arbitration in response to Plaintiff's complaint, and for a stay of this action pending the same.

Plaintiff, BARRY MCGOWAN, who alleges a prior employment relationship with all defendants herein, has proffered a ten-count complaint sounding in, *inter alia*, breach of contract[1] arising out of the termination of his employment for performance issues. Plaintiff claims that on or around November 11, 2014, Mr. Phillips and defendant PHILLIPS EDISON & COMPANY LTD. ("PECO") made him an employment offer to raise capital and supervise the day to day operations of PREP and its related entities, which Plaintiff was to spin out and run. Plaintiff further alleges that the defendants presented him with a letter memorializing certain preliminary terms of his employment which he signed ("Letter of Intent"). This Letter of Intent also contained a broad arbitration clause, thereby subjecting any dispute that should arise between the parties to mandatory arbitration. *See* Complaint, annexed to the Declaration of Nancy V. Wright dated January 16, 2018 ("Wright Declaration") as Exhibit "A," and Letter of Intent annexed to the Wright Declaration as Exhibit "B."

Plaintiff's claims are clearly precluded by the arbitration clause of the Letter of Intent. Nonetheless, Plaintiff, who was aware of this provision, chose to file this lawsuit thereby necessitating the instant motion. Accordingly, this dispute should be referred to arbitration for resolution and this action should be stayed pending arbitration. In the event that this Court

---

[1] The ten causes of action asserted in Plaintiff's complaint as arising out of the terms and conditions of his employment are: (1) breach of contract; (2) retaliation under the Fair Labor Standards Act ("FLSA"); (3) retaliation under New York Labor Law ("NYLL") § 215; (4) breach of fiduciary duty; (5) fraudulent inducement; (6) quantum meruit, pled in the alternative to breach of contract; (7) retaliation for engagement in legal recreational activities pursuant to NYLL § 201-D; (8) violation of the New York Wage Theft Prevention Act; (9) breach of the covenant of good faith and fair dealing; and (10) violation of NYLL § 193, recovery for expenses.

denies defendants' motion to compel arbitration, defendants PREP CO., LLC, PREP and Michael C. Phillips reserve their rights to assert any and all pre-pleading challenges or defenses to the complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

## STATEMENT OF UNDISPUTED RELEVANT FACTS[2]

Plaintiff alleges that on or around November 11, 2014, PECO and Mr. Phillips, Principal, President and Chief Executive Officer ("CEO") of PECO, made him an employment offer to be Partner and CEO for PREP "and its related entities which Defendants wanted [Plaintiff] to spin out and run."  *See* Complaint, Exhibit "A" at ¶ 16.  On that same date, Mr. Phillips sent Plaintiff a letter outlining certain preliminary terms of Plaintiff's employment ("Letter of Intent"), which was signed by both Mr. Phillips and Plaintiff.  The Letter of Intent also denoted the understanding that Plaintiff was still an at-will employee and the Letter of Intent was "not intended to create either an expressed or implied employment contract, or an expressed or implied term of employment" between Plaintiff and PECO. *See* Letter of Intent, Exhibit "B."

Per the Letter of Intent, Plaintiff's job duties and responsibilities were to include, among other things, raising capital for and supervising the day to day operations of PREP and its related entities.  However, in or around November 2015 and as a result of Plaintiff's work performance issues, Defendants decided to terminate Plaintiff's employment.  *See* Complaint, Exhibit "A" at ¶¶ 16, 28.

The Letter of Intent also contained an arbitration clause which provided that arbitration would be the preferred forum for any dispute arising between the parties.  Specifically, the Letter of Intent stated, in pertinent part:

> *This agreement will be interpreted under New York law and both*

---

[2] This statement of facts is largely derived from the material factual allegations set forth in the complaint.  Any facts derived from the complaint will be assumed to be true solely for the purpose of this motion, and any reference hereto should not be taken as an admission of their truth.

2

> *parties agree that arbitration will be the preferred forum for dispute resolution.*

*See* Letter of Intent, Exhibit "B" at page 2.  Both parties signed the Letter of Intent with the understanding that the various terms and conditions of Plaintiff's employment would continue to be negotiated and would be memorialized in a subsequent employment contract.  *See id.* at page 2 ("We are in the process of drafting a definitive employment agreement and related documents to evidence the above the above employment terms.").

On or about November 4, 2017, Plaintiff filed the instant lawsuit alleging ten causes of action all arising out of Plaintiff's employment with Defendants.  Notwithstanding that certain terms of Plaintiff employment were to be negotiated further, the fully executed Letter of Intent with its directive to arbitrate any dispute between the parties definitively applies to the instant matter and mandates arbitration of the claims contained within Plaintiff's complaint.

## ARGUMENT
## POINT I
### PLAINTIFF'S COMPLAINT IS PRECLUDED BY THE PARTIES' AGREEMENT TO ARBITRATE AND THE FEDERAL ARBITRATION ACT

**A.  Plaintiff Entered Into A Valid Agreement To Arbitrate Any Controversy With Defendants**

In executing the November 11, 2014 Letter of Intent, Plaintiff voluntarily agreed to arbitrate any and all claims arising out of or related to his employment, including without limitation all the claims asserted herein.  *See generally* Exhibit B.  Case law clearly states that such an agreement necessitates the referral of Plaintiff's claims for arbitration.  Further, this Court has even held that any dispute over whether an arbitration clause applies in a given matter should be resolved in favor of arbitration.  *Stevenson v. Tyco Intl. (US) Inc.*, 2006 U.S. Dist.

3

LEXIS 71852, at *15 (S.D.N.Y. 2006) ("[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability."); *JSC Surgutneftegaz v. President & Fellows of Harvard Coll.*, 2005 U.S. Dist. LEXIS 15991, at *7 (S.D.N.Y. 2005) (federal law includes a presumption in favor of arbitration and "'any doubts concerning the scope of arbitrable issues' shall be resolved in favor of arbitration."); *Energy Transp., LTD. v. M.V. San Sebastian*, 348 F. Supp. 2d 186, 201-02 (S.D.N.Y. 2004) ("[F]ederal policy seeks to promote arbitration as an alternative means of dispute resolution.").

Plaintiff's claims should also be referred to arbitration pursuant to the Federal Arbitration Act ("FAA"). *See* 9 U.S.C. § 2 (the FAA applies to any arbitration agreement evidencing a transaction involving commerce); *Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56 (2003) (the U.S. Supreme Court has "interpreted the term 'involving commerce' in the FAA as the functional equivalent of the more familiar term 'affecting commerce' – words of art that ordinarily signal the broadest permissible exercise of Congress' Commerce Clause power."); *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002) ("Employment contracts, except for those covering workers engaged in transportation, are covered by the FAA."); *Thomas James Assoc., Inc. v. Jameson*, 102 F.3d 60, 65 (2d Cir. 1996) (it is well settled that the "FAA embodies a strong federal policy favoring arbitration," and that, in accordance with this policy, doubts as to the arbitrability of a claim are to be resolved in favor of arbitrability) (citations omitted); *AT&T Mobility LLC v. Conception*, 131 S. Ct. 1740, 1744 (2001) ("Section 2 of the Federal Arbitration Act (FAA) makes agreements to arbitrate 'valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'") (quoting 9 U.S.C. § 2); *Eatoni Ergonomics, Inc. v. Research in Motion Corp.*, 633 F. Supp. 2d 109, 114 (S.D.N.Y. 2009)

("[T]he Federal Arbitration Act . . . expresses 'a liberal federal policy favoring arbitration agreements,' and that 'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'"); *Nissan v. Tejas Securities Group, Inc.*, 2012 N.Y. Misc. LEXIS 6519, 2012 NY Slip Op 33544(U), at *6, 8-9 (Sup. Ct. N.Y. Cty. Nov. 13, 2012) (granting arbitration of plaintiff's discrimination claims pursuant to the FAA); *Mansberger v. Ernst & Young LLP*, 2011 N.Y. Misc. LEXIS 6892, 2011 NY Slip Op 33842(U), at *6, 8 (July 1, 2011) (granting defendants' motion to compel arbitration pursuant to both the FAA and New York law).

Here, notwithstanding that certain terms of Plaintiff employment were to be negotiated further, the fully executed Letter of Intent containing a clear directive to arbitrate any dispute between the parties definitively applies to the instant dispute and mandates arbitration of the claims contained within the instant complaint. *Benihana of Tokyo, LLC v. Benihana Inc.*, 73 F. Supp. 3d 238, 251 (S.D.N.Y. 2014) (holding that the term "may" evokes mandatory arbitration if one party to the contract seeks arbitration); *MQDC, Inc. v. Steadfast Ins. Co.*, 2013 U.S. Dist. LEXIS 172836, at *8 (E.D.N.Y. 2013) ("[S]ince the parties are always free to agree to arbitrate, interpreting the agreement as permitting rather than requiring arbitration would render these clauses meaningless."); *Tand v. Solomon Schechter Day School of Nassau Cty.*, 324 F. Supp. 2d 379, 385 (E.D.N.Y. 2004) (finding use of term "may" insufficient to overcome presumption that parties are not free to avoid arbitration procedure).

Accordingly, Plaintiff entered into a valid and binding agreement to arbitrate any dispute that arose between him and Defendants when he signed the Letter of Intent and that agreement should be enforced at this juncture.

### B.   The Mandatory Arbitration Clause Covers Plaintiff's Claims

Agreements to arbitrate are matters of contract law and thus, fundamental contract laws apply in determining the scope of an arbitration agreement.  However, rules of construction will be generously construed in the context of determining the scope of an arbitration clause.  *Winter Invs., LLC v. Panzer*, 2015 U.S. Dist. LEXIS 113901, at *16 (S.D.N.Y. 2015) ("'[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'"); *Stevenson v. Tyco Intl. (US) Inc.*, 2006 U.S. Dist. LEXIS 71852, at *16 (S.D.N.Y. 2006) ("[C]ourts are to broadly construe arbitration clauses."); *In re Currency Conversion Fee Antitrust Litig.*, 361 F. Supp. 2d 237, 248 (S.D.N.Y. 2005) (arbitration clauses must be broadly construed and any doubts concerning the scope should be resolved in favor of arbitration); *Energy Transp., LTD. v. M.V. San Sebastian*, 348 F. Supp. 2d 186, 201-02 (S.D.N.Y. 2004) (the parties' intentions must be broadly construed in favor of arbitration).

In determining whether a particular dispute falls within the scope of an agreement's arbitration clause, a Court must classify the clause at issue as being either "broad" or "narrow." *Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading, Inc.*, 252 F.3d 218, 224 (2d Cir. 2001).  Where an arbitration clause is "broad," a presumption of arbitrability arises, including the arbitrability of any collateral matters that implicate an issue of contract construction, including the parties' rights and obligations under the contract.  *Id.* at 224 (citing *Collins & Aikman Prods. Co. v. Building Systems, Inc.*, 58 F.3d 16, 23 (2d Cir. 1995).  There are no fixed rules that govern the determination of an arbitration clause's scope.  However, an agreement's use of "expansive language generally requires a finding that an arbitration clause is broad."  *Id.*  For example, the United States Court of Appeals for the Second Circuit has held that an arbitration clause

containing the language, "[a]ny claim or controversy arising out of or relating to this agreement shall be settled by arbitration," is broad. *Id.*

Here, as previously stated, the Letter of Intent broadly declares that any "dispute" arising between the parties will be submitted to mandatory arbitration. *See* Letter of Intent, Exhibit "B," at page 2. This expansive language constitutes a "broad" arbitration clause. Accordingly, this clause raises a presumption of arbitrability.

Further, a plain reading of the causes of action alleged in the complaint clearly evidences that the allegations fall under the broad umbrella of the arbitration clause in the Letter of Intent. Plaintiff alleges ten causes of action in total, all of which arise out of his employment with PECO, and many of which also dispute the precise terms of, and/or obligations of Plaintiff under, the Letter of Intent. *See generally* Complaint, Exhibit "A."

Accordingly, there is no doubt that the broad language of the arbitration clause agreed to by the parties incorporates all claims contained within Plaintiff's instant complaint.

## POINT II

### THE INSTANT CASE SHOULD BE STAYED PENDING THE OUTCOME OF THE ARBITRATION

The Federal Arbitration Act provides that the Court in which an arbitrable dispute is commenced shall stay judicial proceedings while arbitration is pending. *See* Federal Arbitration Act, 9 U.S.C. § 3. This Court has previously been in favor of such stays as it has determined that ordering a stay of proceedings not only promotes judicial economy, but conserves resources of the parties to the action as well. *Eatoni Ergonomics, Inc. v Research in Motion Corp.*, 633 F. Supp. 2d 109, 116 (S.D.N.Y. 2009) (holding that a court has the power to stay the lawsuit until arbitration is complete pursuant to the power inherent in every court to control the disposition of

the cases on its docket "with economy of time and effort for itself, for counsel, and for litigants."); *In re Currency Conversion Fee Antitrust Litig.*, 361 F. Supp. 2d 237, 248 (S.D.N.Y. 2005) ("[T]he court must stay any suit or proceeding until arbitration has been completed if the action concerns 'any issue referable to arbitration' under a written agreement."). Accordingly, defendants respectfully request that the instant action be stayed, and that the parties be directed to arbitration.

## CONCLUSION

For the foregoing reasons, defendants PREP CO., LLC, PREP and Michael C. Phillips respectfully request that their motion be granted in its entirety, that the Court issue an Order compelling arbitration and staying this action pending the resolution of the arbitration, and that the Court grant such other and further relief as the Court deems just and proper. In the event that this Court denies defendants' motion to compel arbitration, defendants PREP CO., LLC, PREP and Michael C. Phillips reserve their rights to assert any and all pre-pleading challenges or defenses to the complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

Dated:   New York, New York
         January 16, 2018

    YOURS, etc.,

    WILSON, ELSER, MOSKOWITZ,
    EDELMAN & DICKER LLP

    By:  /s/ Nancy V. Wright
    Ricki E. Roer, Esq.
    Nancy V. Wright, Esq.
    Emery Lyon, Esq.
    Attorneys for Defendants
    PREP CO., LLC, PECO REAL ESTATE
    PARTNERS, LLC, and MICHAEL C.
    PHILLIPS
    150 East 42nd Street
    New York, NY 10017
    (212) 490-3000
    File No.: 17154.00007

To: <u>VIA ECF</u>

Tiffany Ma, Esq.
YOUNG & MA, LLP
Attorneys for Plaintiff
575 Lexington Avenue, Fourth Floor
New York, NY 10022
(212) 971-9773
tma@youngandma.com

Tom Fini, Esq.
CATAFAGO FINI LLP
Attorneys for Plaintiff
350 Fifth Avenue, Suite 7710
New York, NY 10118
(212) 239-9669
tom@catafagofini.com

Noel Tripp, Esq.
JACKSON LEWIS P.C.
Attorneys for defendant PHILLIPS EDISON & COMPANY LTD.
58 South Service Road, Suite 250
Melville, NY 11747
(631) 247-4661
trippn@jacksonlewis.com